## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-2086

SHEILA JACKSON,

        Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A.,

        Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sheila Jackson ("Plaintiff"), by and through her attorneys, alleges the following against Defendant Capital One Bank (USA), N.A. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3.  Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transact business here, personal jurisdiction is established.

## PARTIES

5.  Plaintiff is a natural person residing in Denver, Colorado.

6.  Defendant Capital One is a financial institution with its principal place of business located in McLean, Virginia and engages in business in Colorado.

7.  Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8.  In or around March 2018, in an attempt to collect on an alleged consumer account, Defendant began calling Plaintiff on her cellular phone number ending in 5952.

9.  Defendant called Plaintiff from the following (877) 338-6191.

10. Upon information and belief, Capital One owns and operates the phone number.

11. On or about March 22, 2018, at 9:17 a.m., Plaintiff received a call on her cell phone from (877) 338-6191. During this conversation, Plaintiff spoke with a representative; at which point Plaintiff unequivocally revoked consent to be contacted any further.

12. Despite revoking consent, Plaintiff continued to receive phone calls from Defendant.

13. Between March 22, 2018 and April 11, 2018, Defendant willfully called Plaintiff on her cellular phone approximately fifty (50) times to annoy and harass Plaintiff in the hopes that it could induce Plaintiff to pay the debt.

14. Defendant called Plaintiff up to four (4) times a day to predict when she would be able to answer her phone.

15. For example, on March 26, 2018, Defendant called at 8:13 a.m., 11:45 a.m., 2:15 p.m., and 5:44 p.m.

16. Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative, indicating the use of an automatic telephone dialing system.

17. On many occasions, Defendant also left pre-recorded or artificial voice messages for Plaintiff.

18. The majority of the calls that Plaintiff received were during working hours, which often led to interruptions in her workday.

19. Plaintiff is a computer coder and is regularly on a deadline to submit her projects.

20. Plaintiff only gets paid when her projects are completed.

21. Defendant's phone calls were often a distraction and contributed to delays in Plaintiff's work being completed.

22. Due to Defendant's actions, Plaintiff has suffered emotional distress, invasion of privacy, and actual damages.

## COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

23. Plaintiff incorporates by reference paragraphs one (1) through twenty-two (22) of this Complaint as though fully stated herein.

24. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

25. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd. at 14091, para. 131.

26. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

27. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

28. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Intrusion Upon Seclusion)

29. Plaintiff incorporates by reference paragraphs one (1) through twenty-two (22) of this Complaint as though fully stated herein.

30. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

  a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite the request for the calls to cease.

  b. The number and frequency of the telephone calls to Plaintiff by Defendant after requesting for the calls to cease constitutes an intrusion on Plaintiff's privacy and solitude.

  c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work schedule.

  d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Sheila Jackson, respectfully requests judgment be entered against Defendant Capital One Bank (USA), N.A. for the following:

33. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

34. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

35. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

36. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 16th day of August 2018.

        *Attorneys for Plaintiff,*
        *Sheila Jackson*

        By: */s/ Patrick H. Peluso*
        Patrick H. Peluso
        Woodrow & Peluso, LLC
        3900 East Mexico Ave., Suite 300
        Denver, Colorado 80210
        Telephone: (720) 213-0676
        Facsimile: (303) 927-0809
        E-mail: ppeluso@woodrowpeluso.com

        *Counsel for Plaintiff*